RICHARD WOLFE
v.
MARY JOHNSON.

*Dram Shops—Loss of Support—Action by Married Woman—Continuance.*

1.  To determine the liability of the defendant, to exemplary damages in an action brought by a wife against a saloon keeper to recover for personal injury and loss of support arising through the sale and gift of liquor to her husband, the jury are called upon to decide from the evidence whether defendant's conduct was wanton and in wilful disregard of the plaintiff's rights.

2.  A person who regularly sells liquor to one who is in the habit of getting intoxicated, and whom he knows to be an habitual drunkard, is guilty of a wilful, deliberate violation of the statute.

3.  In the case presented, this court holds that there is nothing in the evidence to exempt defendant from liability to exemplary damages on account of continued sales of liquor to the husband of plaintiff, in wilful and deliberate violation of the law and against her wishes and request, and declines to interfere with the judgment in her behalf.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. M. T. MALONEY, for appellant.

Messrs. MAYO & WIDMER, for appellee.

MR. JUSTICE CARTWRIGHT.    This is an action on the case by Mary Johnson, the appellee, against Richard Wolfe, the appellant, to recover damages on account of injury to her person and means of support occasioned by the sale and gift of intoxicating liquors to her husband by appellant.

There was a verdict and judgment thereon for $1,000. The declaration, as originally filed and as it stood at the time the evidence was heard, contained three counts, in each of which appellant was charged with being the keeper of the dram shop where the intoxicating liquors were sold and given to appellee's husband, and appellant was therein charged with making such sales and gifts. It appeared from the evidence produced on the trial that appellant owned the premises where the saloon was kept and had his office with his desk and safe in the saloon, and that he frequently tended bar and sold liquors to appellee's husband, but that the saloon was run by Patrick Wolfe as proprietor until May 1, 1890, and by James Wolfe after that time. The suit was commenced July 9, 1890. After the evidence was in and the argument of the case closed, appellee obtained leave of the court for the purpose and amended the declaration, so as to charge appellant in the several counts with liability as owner of the premises in which it was alleged he sold and gave the intoxicating liquors to appellee's husband, and also filed an additional count charging appellant, as owner, with liability for an injury to her person, occasioned by a sale of liquor to her husband by said James Wolfe, keeper of the saloon. Appellant then asked for a continuance because he had failed to ask the said James Wolfe, when he was examined as a witness in the case on the day previous, whether he had sold or given liquors to the husband of appellee after July 1, 1890. The motion for continuance was based on an affidavit that appellant could prove by James Wolfe that he did not make such sale or gift after July 1, 1890. The motion was overruled and in this there was no error. The case was tried in the city where James Wolfe was still keeping the same saloon and he was present in court and

examined as a witness the day before. It was not shown that he was not still present, or that he could not be procured and put on the stand, and the privilege of offering the evidence referred to at that time was not asked. The affidavit disclosed no ground for a continuance of the case. The evidence showed that appellee's husband, Julius Johnson, was in the habit of getting intoxicated from October, 1889, to July, 1890, and that appellant was well aware of that habit. Johnson and his wife lived in appellant's house near the saloon and his office, as his tenants. Appellant saw him very frequently and had ample opportunity to know what his habits were, and testified on the trial that he saw him under the influence of liquor pretty often on Monday morning during that time.

It was clearly proven that appellant knew him to be a person who was in the habit of getting intoxicated and belonging to a class to whom the sale of intoxicating liquors was prohibited. Appellant testified that he frequently dealt out liquor to him, that he would come to the saloon for beer about three times a day, that he would get a couple of glasses of beer or ale in the morning and that at noon and night he would get it in a pail. Johnson was working as a tailor and was paid weekly by checks of his employer, which appellant received from him. On receipt of the checks appellant would take out the weekly liquor bill and any rent due for the house occupied by Johnson and return the balance in cash and give him a drink of liquor. Most of the liquor was sold to him by appellant and all of the liquor bills were settled in this way. Johnson was drunk pretty regularly on Sunday and during the early part of the week and did not work in consequence of the intoxication. When he worked he earned $12 per week. He was also laid up for a time on account of an injury occasioned by intoxication, and when intoxicated he assaulted appellee and threw her down, severely bruising her side and face, for which injury she was treated by a physician and which caused her physical suffering. He was a constant and daily patron of this saloon during the period

that these injuries to the person and means of support of appellee were occasioned.

Appellee made out a case clearly entitling her to compensatory damages. Exemplary damages were also claimed, and the jury were instructed that in case they found from the evidence that she was entitled to recover actual damages in consequence of the intoxication of her husband caused in whole or in part by the sale or gift of intoxicating liquors by the defendant to her husband, and that the conduct of the defendant in that regard was wanton and in wilful disregard of the plaintiff's rights, the jury might also award exemplary damages. There is no very exact method of determining at what amount the jury estimated the actual damages for the physical suffering from the assault and personal injury to appellee. But it seems probable that they may have allowed something to her as exemplary damages in addition to the actual damages on account of the injury to her means of support and to her person.

In order to determine the liability of appellant to exemplary damages the jury were called upon to decide from the evidence whether his conduct was wanton and in wilful disregard of appellee's rights.

As the evidence shows that appellant regularly sold the liquors to one who was in the habit of getting intoxicated, and whom he knew to be an habitual drunkard, he was guilty of a wilful, deliberate, violation of the statute. Appellee testified that she repeatedly urged him to stop selling liquor to her husband, and he admitted that she did sometimes make such requests, and that the first time was in the early part of the previous winter before the suit was begun. It is in evidence, and not denied, that she then told him that her husband had got so abusive that he would kick and pound her and lock her out of the house at night and break up the things. Appellant testified that she would come and ask him not to sell to her husband, and then before she would go away they would talk it over and finally she would say that she would sooner have him give it to Johnson than anybody else, because she knew that he would not give it to

him when he was drunk, and that she would want him to
advise her husband and not give him liquor when drunk.
Appellant's testimony would indicate no more than that on
these occasions he assumed the attitude of friend and ad-
viser, and by talking with her obtained her assent to the
proposition that if any one was going to sell liquor to her
husband he had better manage the business than some one
less friendly and discreet. The question whether appellee
agreed with appellant that he might give her husband intox-
icating liquors was fairly submitted to the jury by the sixth
and seventh instructions given for appellant. In the sixth
the jury were told that if she directed or told appellant
that he might sell or give to her husband intoxicating liq-
uors they should find for appellant, and in the seventh they
were told that if appellee knew that her husband bought or
obtained liquors from the appellant and agreed to the same
their verdict should be for appellant. The jury found in
accordance with her testimony that she did not so agree
and we think they were justified in so finding.

It is objected that the court refused to admit evidence
on the part of appellant tending to show that his conduct
was not wanton and in wilful disregard of appellee's rights.
He did not deny regularly selling to her husband, and his
only claim was that he refused to sell to him when actually
drunk. On that question Johnson testified that appellant
refused him liquor because he was drunk and said he had
had enough that time, and appellant testified that he did
not sell or give him or permit him to get liquor when in-
toxicated. Wayde Williams, a witness, testified that on the
23d of June, 1890, he heard Johnson ask for liquor in the
saloon, and that he did not see him get any liquor there.
An objection was sustained to a question as to what was
said to him by appellant, but a similar question was after-
ward asked, to which the witness answered without objec-
tion, that appellant said he could not have liquor. In the
examination of Edward McInhill an objection was sustained
to a question on that subject, but the witness answered and
the answer was allowed to stand. There was no evidence

offered and excluded or not admitted which tended in any way to show good faith or regard for appellee's rights on the part of appellant. The court, however, refused to admit evidence that James Wolfe refused liquor to Johnson. But there was neither claim nor proof, nor offer to prove that such refusal was by the advice or direction of appellant, or that he was in any manner connected with the refusal of liquor by James Wolfe, if there was such refusal. There was no proof or offer of proof to connect appellant in any manner with the refusal of liquors to Johnson on any occasion or by any person other than himself. And the court was right in excluding evidence of such refusal.

Appellant testified that he was not the proprietor of the saloon and consequently it is not to be presumed that all sales of liquor therein were under his control; and a refusal of liquor by other persons, not by his advice or direction, would not exonerate him from liability for unlawfully and wantonly selling liquor to Johnson.

There is nothing in the evidence to exempt appellant from liability to exemplary damages on account of continued sales of liquor to appellee's husband in wilful and deliberate violation of the law, and against appellee's wishes and request. We find no error in the instructions. The judgment will be affirmed.

*Judgment affirmed.*